[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on September 4, 1960 at Brookline, Massachusetts. The defendant has resided continuously in this state for at least twelve months prior to March 1, 1990. There are no minor children issue of the marriage.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in 46b-81, and 46b-82 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow. CT Page 1168
This is a marriage of some 30 years. The defendant is aged 52 and in good health. Although an ordained Rabbi, the defendant has devoted most of his career to communal jewish affairs. As of February 1, 1991 he is assuming the position of Executive Director of the Jewish Federation of Hawaii. His yearly salary is $75,000 per year plus some additional fringe benefits.
The plaintiff wife is 53 years of age and in reasonably good health. She holds two masters degrees, one in Gerontology, and a masters in social work. At the present time she is an AIDS Social Worker in New Jersey, earning approximately $36,000 per year. The plaintiff was gainfully employed outside the family home for a good part of this marriage as a religion school teacher at various Synagogues with which her husband was affiliated. She devoted herself to her family and was supportive of her husband in his various employment changes.
The parties have three children, all of whom are over the age of eighteen. The youngest child, aged 21, will graduate college in June 1991.
There was evidence presented that indicates that the parties incurred substantial expenses for the education of their three children as well as for the two master degrees obtained by the plaintiff.
During the course of the marriage the plaintiff received an inheritance of approximately $55,000 from her father. These funds were used to invest in real estate ventures in Hawaii and for education expenses and loans.
At the time of their marriage, neither party had any substantial assets and their present assets and liabilities as reflected on their respective financial affidavits have been accumulated during the course of the marriage.
The plaintiff felt there was a clear distancing in the marriage relationship after September, 1985. The defendant felt the marriage was in difficulty some time earlier.
In April 1986, the defendant admitted to the plaintiff that he had had an affair with another woman. The plaintiff was distraught, emotionally upset, and felt it was a horrific disclosure. Although the parties went to marital counseling, it was of no avail. The parties separated in November 1987. The defendant returned to Connecticut from Seattle, Washington in June 1988 and has resided here since that time. The plaintiff returned to New Jersey from Seattle in August 1988. CT Page 1169
No useful purpose would be served by a review of all the evidence presented. Sufficient evidence was presented for the court to determine that the marriage has irretrievably broken down. Unfortunately, the parties were unable to resolve their marital difficulties. The defendant has continued his romantic involvement and the parties plan to continue their relationship in Hawaii.
The following order shall enter:
Alimony
1. The defendant shall pay to the plaintiff as alimony the sum of $150 per week until the plaintiff attains the age of 65 years or until the plaintiff shall remarry or dies, whichever event shall first occur.
2. The defendant shall provide and maintain life insurance in the amount of $100,000 with the plaintiff noted as beneficiary thereon, to secure the payment of alimony. This order shall be modifiable.
Real Property
New York Property
1. The jointly owned condominium apartment located at 275 West 96th Street (Apt. #71) New York City, shall be placed on the market for sale at an asking price to be mutually agreed upon by the parties. If the parties are unable to agree on a price, then each of them shall select someone knowledgable with New York real estate values and the two so selected shall choose a third. The three parties selected shall by majority vote, determine the listing price. This listing price shall be re-evaluated every four months until the premises are sold. The re-evaluation shall be done through the same procedure. The parties shall accept any offer which is made within 3% of the listing price.
2. From the proceeds of the sale, the following shall be paid:
a) Customary closing costs, including brokers commission;
 b) all conveyance taxes and real estate taxes customary in New York;
 c) the balance due on the mortgage and all appraisal fees as set forth above;
d) The following liabilities of the parties shall also CT Page 1170 be paid:
 1) Security Pacific — Balance due at time of closing; 2) Massachusetts Bay Bank — Balance due at time of closing; 3) Herman Sarkowsky $41,516 plus interest; 4) Mastercard Balance of $4,000 5) Visa Balance of $2,800 6) Temple Herzl $1,040 7) Accounting fees — (1989 Return) $750.
 e) The return of the security deposit in the amount of $3,000 shall also be deducted from the proceeds. The court's intent in that each party shall be responsible for one-half of the security deposit.
3. The parties shall equally divide the remaining net proceeds of the sale of the New York real estate, 50% to the plaintiff and 50% to the defendant.
4. Each party shall be responsible for their percentage share of the capital gains tax.
5. Until such time as the premises are sold, any excess cash flow remaining after the payment of the monthly mortgage payment, common charges and real estate taxes shall be equally, divided between the plaintiff and the defendant.
6. The court shall retain jurisdiction as to any disputes arising in reference to the sale of this property.
HAWAII PROPERTY
1. The defendant shall be entitled to his interest in the following real estate in Hawaii:
 a) 52-56 Oneawa Street (K.P.P.) Kailua, Honolulu
 b) 116 Hekili Street (E.S.S.L.L.) Kailua, Hawaii
2. Each party shall retain their respective interest in the condominium #503 (LLL) Kaanapali Shores, Maui, Hawaii.
Other Property
1. The defendant shall assign and transfer to the plaintiff $55,000 of his three various pension plans, which transfer shall be made pursuant to a QDRO. The court shall CT Page 1171 retain jurisdiction until said QDRO is approved. In the event the defendant's pensions are non-qualified, the defendant shall transfer to the plaintiff the sum of $55,000 to the plaintiff's plan, or an IRA or comparable plan.
Personal Property
1. The parties shall mutually agree as to a division of their personalty and personal property. In the event the parties are unable to agree as to a division of these items, then the parties are referred to Family Relations for mediation. In the event mediation is unsuccessful, then the parties shall return to court for a further hearing and orders thereon.
2. The defendant shall be entitled to retain any cash surrender values on his insurance policy.
3. Each party shall retain the motor vehicle they are presently driving.
4. The escrow fund of $3,400 held by Attorney Sari B. Jaffe, shall be used to pay the Nationwide Moving Storage Company bill of $3,400.
Miscellaneous
1. The parties are encouraged to cooperate in obtaining a Jewish Religious Divorce called a "GET".
2. The defendant shall be solely responsible for the debts as shown on his financial affidavit, unless otherwise disposed of herein.
3. The plaintiff shall be responsible for the debts as shown on her financial affidavit unless otherwise disposed of herein.
Counsel Fees
The plaintiff is awarded counsel fees in the amount of $2,500.
Change of Name
The plaintiff is granted a change of name to Hilda Greb, as requested.
An immediate withholding is ordered.
COPPETO, J. CT Page 1172